In the Matter of the ADOPTION
OF J.B.K. and T.S.K. Minors.

No. S–5346.

Supreme Court of Alaska.

Dec. 10, 1993.

Julie A. Clark, Anchorage, for appellant.

Fred H. Valdez, Anchorage, for appellee.

Before MOORE, C.J., and RABINOWITZ, BURKE, MATTHEWS and COMPTON, JJ.

## OPINION

MOORE, Chief Justice.

In this adoption appeal, B.K., who seeks to adopt his two step-children, challenges the superior court's determination that the children's natural father, D.C., retains his right to withhold consent to the adoption pursuant to AS 25.23.050.[1]

### I. *Facts and Proceedings*

Tanya and Dell were married in 1977. Their son J.B.K. was born in 1978 and their daughter T.S.K. was born in 1979. In 1980 Dell obtained a dissolution decree from an Oklahoma court. However, the couple continued to live together and later moved to Butte, Montana.

In 1981 Tanya moved out of the house with the children. Nevertheless the couple remained on good terms and had frequent contact. During this period of separation, Tanya and the children went on welfare and Dell worked various odd jobs. Dell did not pay any formal child support at this time.[2]

---

1. In order to preserve the anonymity of the parties as required by AS 25.23.150(c), and for the reader's convenience, we will use "Bill" and "Dell" as placeholders for B.K.'s and D.C.'s names. In addition, we will use "Tanya" as a placeholder for the mother's name.

2. No support provisions were apparently included in the Oklahoma divorce decree which awarded custody of the children to Dell. However, Dell concedes that the Montana Child Support Enforcement Agency Division did contact him about making support payments.

In the spring of 1983, Tanya and the children moved to Helena, Montana. A month later, Dell left Montana and came to Alaska. In November 1983, the couple reconciled and remarried in Anchorage.

Dell and Tanya finally separated in September 1986 and obtained a second dissolution decree a month later. The dissolution decree awarded custody of the children to Tanya and directed Dell to pay $400 a month in child support.

Dell made only three formal support payments.[3] Because Tanya went back on welfare after Dell moved out in September, Dell made these payments directly to the Child Support Enforcement Division. After Dell stopped making voluntary payments, the Division garnished his Permanent Fund Dividend checks and tax refunds. Dell also sporadically sent money directly to Tanya and the children.

Eight months after the second divorce, Dell was convicted of sexually abusing his niece. He moved to waive all support while he was in prison and his support obligation was decreased to the minimum level of $50 per month in June 1990.

Bill married Tanya in July 1990 and petitioned to adopt J.B.K. and T.S.K. in May 1991. Dell opposed the proposed adoption.

Master John Duggan heard this case in a series of four hearings between October 1991 and May 1992. These hearings focused on whether Dell had forfeited his right to withhold consent to the adoption pursuant to AS 25.23.050(a)(2)(B).[4] Bill also sought to introduce evidence that Dell had sexually abused his children. He contended that this evidence was relevant to the issue whether Dell retained the right to withhold consent, arguing that AS 25.23.180(c)(1) authorized termination proceedings on the grounds of sexual abuse as a part of an adoption proceeding.[5] Master Duggan ruled that such evidence had

no bearing on the issue of consent and refused to hear the evidence. Bill subsequently filed a motion in the superior court seeking an opportunity to inquire into Dell's alleged sexual abuse if he failed to prevail on the nonsupport issue. However, Superior Court Judge John Reese denied this motion without comment.

At the hearings, Tanya testified that Dell did not support the children during the two-year period following the couple's first divorce. Although conceding that she never formally sought support from Dell, she testified that Dell refused her informal requests for help despite the fact that he was often working.

Dell countered that Tanya had never asked for child support after their 1981 separation. He testified that although they maintained separate residences, he "basically lived with her" and that there was "no need to pay support." He further testified that he contributed groceries to the household.

Tanya also testified that Dell had failed to make regular support payments after the 1986 divorce. Dell testified that he only made three support payments after the second divorce because he was facing criminal prosecution. He claimed that he could not meet his support obligation due to his incarceration.

Master Duggan filed his report in May 1992, finding that Dell had "failed significantly and without justifiable excuse to provide support for the subject children for at least one year between the fall of 1981 and December of 1983." He therefore recommended that Dell's consent for the proposed adoption be waived for unexcused nonsupport. In support of his recommendation, Master Duggan cited Dell's "ongoing pattern of infrequent, involuntary and/or inadequate child

---

**3.** These payments occurred in September and November 1986 and January 1987.

**4.** AS 25.23.050(a)(2)(B) provides that consent to adoption is not required of a parent who has failed significantly and without justifiable cause to provide for the care and support of a child for at least one year.

**5.** AS 25.23.180(c)(1) authorizes the court to terminate parental rights in either adoption or child in need of aid proceedings on the grounds specified in AS 47.10.080(c)(3). Such grounds include child abuse. A decree terminating the rights of a parent dispenses with the need for that parent's consent to adoption. AS 25.23.-180(d).

support paid [between September 1986 through 1990]".

Judge John Reese rejected the Master's report and recommendations, ruling that "[t]he remoteness of the one year period of nonsupport and the intervening remarriage make the holding of the court in [*In re J.J.J.*, 718 P.2d 948 (Alaska 1986)] inapplicable to this case." Bill's motion for reconsideration was denied and the petition for adoption was dismissed on Dell's motion in August 1992. This appeal followed.

## II. *Discussion*

### A. *Failure to support*

Alaska Statute 25.23.050(a)(2) provides, in part, that consent to adoption is not required of

a parent of a child in the custody of another, if the parent for a period of at least one year has failed significantly without justifiable cause, including but not limited to indigency,

(A) to communicate meaningfully with the child, or

(B) to provide for the care and support of the child as required by law or judicial decree....

In *In re J.J.J.*, 718 P.2d 948 (Alaska 1986), we held that the 12–month period of nonsupport required for a waiver of the right to withhold consent to adoption need not immediately precede the filing of the adoption petition. *Id.* at 954–55.

[C]ourts shall consider a parent's *entire history* of support or nonsupport to determine whether that parent has waived his or her right to block a child's adoption by a step-parent.

*Id.* at 955. Bill contends that the trial judge erred in concluding that Dell had not forfeit-

ed his right to withhold consent to the adoption given Master Duggan's finding that Dell had failed, without justifiable excuse, to support his children between 1981–83. We disagree.

█ The cited period of nonsupport ended in Dell and Tanya's remarriage in 1983. We agree with Judge Reese that the three-year remarriage renders previous periods of nonsupport irrelevant for the purpose of determining whether Dell had forfeited his right to consent. In those rare cases where a couple decides to remarry after a period of separation, we believe that it is appropriate to treat this as a renewal of their rights and obligations as parents. A remarriage obviously nullifies the custody and support provisions of the previous divorce decree. *See Ringstrom v. Ringstrom*, 101 Ill.App.3d 677, 57 Ill.Dec. 193, 428 N.E.2d 743 (1981); *Davis v. Davis*, 68 Cal.2d 290, 66 Cal.Rptr. 14, 437 P.2d 502 (1968); *see generally* Debra E. Wax, Annotation, *Effect of Remarriage of Spouses to Each Other on Child Custody and Support Provisions of Prior Divorce Decree*, 26 A.L.R.4th 325 (1983). Disputes over custody and child support existing between the parties prior to the remarriage should be put to rest as well. *Ringstrom*, 57 Ill.Dec. at 195, 428 N.E.2d at 745. Although Dell has demonstrated a sporadic pattern of support after the second divorce, the statutory period has not been satisfied.[6] We therefore affirm Judge Reese's ruling.

### B. *Bill's right to initiate termination proceedings* [7]

Bill contends that AS 25.23.180 explicitly provides that an interested private party may initiate termination proceedings on the grounds specified in AS 47.10.080(c)(3). He argues that Judge Reese therefore erred in

---

**6.** Although Dell's last voluntary formal support payment occurred in January 1987, the 12–month statutory period of nonsupport *without justifiable cause* has not been satisfied after the second divorce. Only four months passed between Dell's last voluntary support payment and his incarceration in May 1987. We previously have held that the neglect of parental duties caused by imprisonment is not necessarily wilful and thus does not inevitably result in the loss of the parent's right to consent. *See R.N.T. v.*

*J.R.G.*, 666 P.2d 1036, 1039 (Alaska 1983). In this case Bill appears to concede that the unexcused period of nonsupport following the second divorce falls short of one year.

**7.** It is within the special competency of this court to independently construe a statute. *O'Callaghan v. State*, 826 P.2d 1132, 1134 n. 2 (Alaska 1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 176, 121 L.Ed.2d 122 (1992).

denying his motion for a hearing to inquire into Dell's history of child sexual abuse.

Alaska Statute 25.23.180(c) provides:

The relationship of parent and child may be terminated by a court order issued in connection with a proceeding under this chapter or a proceeding under AS 47.10:

(1) on the grounds specified in AS 47.10.-080(c)(3); [8]

(2) on the grounds that a parent who does not have custody is unreasonably withholding consent to adoption, contrary to the best interest of the minor child; or

(3) on grounds that the parent committed an act constituting sexual assault or sexual abuse of a minor under the laws of this state or a comparable offense under the laws of the state where the act occurred that resulted in conception of the child and that termination of the parental rights of the biological parent is in the best interests of the child.

Dell contends that a child in need of aid (CINA) adjudication must precede adoption proceedings for AS 25.23.180(c)(1) to apply. Dell's interpretation of the statute is inconsistent with the Adoption Rules promulgated by this court [9] and with the language of the statute itself. Alaska Statute 25.23.180(c)

clearly states that parental rights may be terminated "in connection with a proceeding under this chapter or a proceeding under AS 47.10 ... *on the grounds specified in AS 47.10.080(c)(3)....*" (Emphasis added).

■ There is no question that Bill has standing as "an interested party" to initiate termination proceedings under AS 25.23.-180(e) [10] or that he, in fact, sought termination of Dell's parental rights under AS 25.23.180(c)(1) when he filed the adoption petition. Thus the superior court erred in denying Bill's motion for a hearing on Dell's alleged abuse of his children. Under AS 25.23.180(c)(1), Bill may seek to terminate Dell's parental rights in connection with the adoption proceedings on the grounds specified in AS 47.10.080(c)(3). We therefore remand this case for further proceedings consistent with this opinion.

AFFIRMED in part, REVERSED in part, and REMANDED.

MATTHEWS, Justice, concurring.

I agree with the opinion of the court and write separately merely to note that in my view the one-year period referred to in AS 25.23.050(a)(2) refers to the year immediately

---

**8.** AS 47.10.080(c)(3) provides, in part, that a court may determine

by order, upon a showing in the adjudication by clear and convincing evidence that there is a child in need of aid under AS 47.10.010(a)(2) as a result of parental conduct and upon a showing in the disposition by clear and convincing evidence that the parental conduct is likely to continue to exist if there is no termination of parental rights....

AS 47.10.010(a)(2)(D) provides that a child may be found in need of aid where the child has been sexually abused or where there is imminent and substantial danger that the child will be sexually abused.

**9.** The Alaska Adoption Rules explicitly provide that a petition for termination may be combined with a petition for adoption. Adoption Rule 6 provides, in part:

(c) **Petition for Involuntary Termination.** A petition for termination based on the involuntary termination of parental rights pursuant to AS 25.23.180(c)(1)-(3) must state, in addition to the information required by paragraph (a), the specific statutory and factual basis of the claim that parental rights should be involuntarily terminated.

(d) **Relationship of Petitions to Terminate Parental Rights and to Adopt.** (1) A petition to terminate parental rights under paragraph (b) or (c) of this rule may be combined with a petition for adoption.

Adoption Rule 13 provides, in part:

(b) **Involuntary Termination of Parental Rights.** Proceedings for the involuntary termination of parental rights in conjunction with adoption proceedings must comply with CINA Rule 18, except as otherwise provided by AS 25.23.180(c)(2) and (3). 25 U.S.C. Section 1912 also applies to all involuntary termination proceedings involving an Indian child. Although neither party cited to the Adoption Rules in the proceedings below or on appeal, these rules clearly contemplate termination proceedings in the adoption context. Inquiry into a parent's history of child sexual abuse would clearly be relevant in termination proceedings under AS 25.23.180(c)(1).

**10.** A petition for termination of the parent-child relationship may be brought in connection with an adoption proceeding by "another person having a legitimate interest in the matter." AS 25.23.180(e).

preceding the filing of the petition for adoption. My reasons for this view are given at some length in the dissent in *In re J.J.J.*, 718 P.2d 948, 958–60 (Alaska 1986).

RABINOWITZ, Justice, concurring in part, dissenting in part.

I dissent from the majority's disposition of the "Failure to Support" issue. I remain of the view that the relevant period referred to in AS 25.23.050(a)(2) is the year immediately preceding the filing of the petition for adoption. *See In re J.J.J.*, 718 P.2d 948, 958–60 (Alaska 1989) (Matthews, J., dissenting). Additionally, I would direct the superior court to apply the standards of *R.N.T. v. J.R.G.*, 666 P.2d 1036, 1039 (Alaska 1983), in determining whether Dell's imprisonment precluded fulfillment of his parental support obligations.

I concur in all other aspects of the majority's opinion.